**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

|  |  |  |
|---|---|---|
| NATHAN E. JACOBS, | : | |
| | : | Civ. Action No. 16-4984 (RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| | : | |
| WARDEN ORTIZ, | : | |
| | : | |
| Respondent. | : | |

**BUMB**, District Judge

Petitioner, Nathan E. Jacobs ("Jacobs"), an inmate at FCI Fort Dix, in Fort Dix, New Jersey, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, on August 15, 2016. (Pet., ECF No. 1.) He seeks an order directing the BOP, in good faith, to consider the five factors set forth in 18 U.S.C. § 3621(b), and grant him the maximum amount of time in a Residential Reentry Center. (Pet., ECF No. 1 at 18.)[1] He further seeks to participate in the Life Connections Program. (Ex Parte Mot. to Supp. Supporting Second Chance Act of 2007, ECF No. 6 at 3.)

---

[1] Jurisdiction is proper under 28 U.S.C. § 2241. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 243-44 (3d Cir. 2005) (finding 28 U.S.C. § 2241 is proper vehicle to challenge BOP's Residential Reentry Center placement determination).

Respondents filed an Answer to the petition, opposing habeas relief. (Answer, ECF No. 14.) Respondents contend the issues presented in the petition are not ripe for review, and Jacobs failed to exhaust his administrative remedies. (Id. at 2.) Jacobs argues exhaustion is futile and should be excused. (Pet., ECF No. 1 at 9-16.)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to 28 U.S.C. § 2241 through Rule 1, scope of the rules, provides, in relevant part:

> The judge must promptly examine [the petition]. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

For the reasons discussed below, the Court dismisses the petition.

I. BACKGROUND

Jacobs is presently serving a 252-month sentence for Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(G)(1), 924(E). (SENTRY Public Information Inmate Data, Decl. of Tara Moran ("Moran Decl."), Attach. 1, ECF No. 14-1 at 5.) Assuming he receives all good conduct time available, Jacobs is scheduled for release on October 3, 2020.

2

(Id.) He wishes to participate in the Life Connections Program, and to spend the maximum amount of time in a Residential Reentry Center ("RRC"). (Pet., ECF No. 1.)

II. DISCUSSION

A. RRC Placement Decisions

An inmate's Unit Team makes recommendations for placement in an RRC. (Decl. of Vannapha Macavoy ("Macavoy Decl."), ECF No. 1-2, ¶3.) Federal Bureau of Prisons ("BOP") policy, requires an inmate's Unit Team to make a recommendation for that inmate's placement in a Residential Reentry Center between seventeen and nineteen months prior to the inmate's release date. (Apr. 14, 2008 BOP Memorandum, Macavoy Decl., Ex. 1, ECF No. 14-2 at 7.) An inmate can be placed in a Residential Reentry Center for a maximum of twelve months. (Id. at 6.)

B. Life Connections Program Participation

The Life Connections Program is offered at specific low, medium and high security institutions, and assists inmates in reentry by fostering personal growth and responsibility. (Macavoy Decl. ¶5; Ex. 2, ECF No. 14-2 at 15-23.) It is separate from RRC placement, and does not offer an early-release incentive for participation. (Macavoy Decl. ¶5.) Inmates are not eligible for participation in this program until they are between twenty-four and thirty-six months from release. (Id.)

C. Ripeness Doctrine

3

"Article III of the Constitution limits the judicial power of the United States to the resolution of 'Cases' and 'Controversies.'" Hein v. Freedom From Religion Foundation, Inc., 551 U.S. 587, 597 (2007). The doctrine of ripeness comes from the case or controversy requirement of Article III. Susan B. Anthony List v. Driehaus, 134 S.Ct. 2334, 2341 n. 5 (2014). "A dispute is not ripe for judicial determination 'if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" Wyatt, Virgin Islands, Inc. v. Gov't of Virgin Islands, 385 F.3d 801, 806 (3d Cir. 2004) (quoting Doe v. County of Centre, PA, 242 F.3d 437, 453 (3d Cir. 2001) (quoting Texas v. United States, 523 U.S. 296, 300 (1998)).

D.  Analysis

Jacobs has not yet been denied maximum RRC placement because BOP policy provides that consideration for RRC placement occur 17 to 19 months before the inmate's projected release date. Jacobs's projected release date is October 3, 2020. Therefore, the BOP will consider his RRC placement request sometime between March 3, 2019 and May 3, 2019. Jacobs is complaining of something that has not yet occurred. Thus, the issue is not ripe. See Porter-Bey v. B.A. Bledsoe, 456 F. App'x 109, 111 (3d Cir. 2012) (affirming denial of an inmate's habeas

petition because at the time the inmate filed the petition, he had not yet received a final RRC placement decision.)

The same is true of Jacobs's claim that he is wrongfully denied participation in the Life Connections Program. The BOP considers an inmate's eligibility to participate in this program between twenty-four and thirty-six months from release. Jacobs's projected release date is October 3, 2020, making him eligible for consideration to participate in the Life Connections Program between October 3, 2017 and October 3, 2018.

III. CONCLUSION

For the reasons discussed above, the Court dismisses the petition for a writ of habeas corpus under 28 U.S.C. § 2241 because the claims are not ripe.

An appropriate Order follows.

Dated:  September 26, 2017

                                        s/Renée Marie Bumb
                                        **Renée Marie Bumb**
                                        **United States District Judge**